UNDER SEAL

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JAN 1 0 2017

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **(Under Seal)** |
| v. | ) | |
| | ) | 1:17-MJ-9 |
| | ) | |
| TONIA LATRICE LEWIS | ) | |
| | ) | |
| Defendant. | ) | |

# AFFIDAVIT IN SUPPORT OF A
# CRIMINAL COMPLAINT AND ARREST WARRANT

I, Mikel Brancato, being duly sworn, hereby depose and state the following:

## INTRODUCTION

1. I am a United States Postal Inspector with the United States Postal Inspection Service ("USPIS") assigned to the Washington Division, having been so employed since February 2012. I am currently assigned to the Northern Virginia Mail Theft and Identity Theft Team at the Merrifield, Virginia Domicile.

2. Upon entering the USPIS, I completed twelve weeks of investigative training at the USPIS Career Development Unit in Potomac, Maryland. The training covered various aspects of federal law enforcement and conducting criminal investigations, including the investigation of fraud-related offenses. I have received additional training specifically in conducting white collar crime investigations and participated in investigations involving fraud at the state and federal level. I have participated in multiple investigations which have resulted in criminal arrests and prosecutions.

1

3. My duties and responsibilities as a Postal Inspector include, but are not limited to: conducting investigations into identity theft in the Eastern District of Virginia in violation of federal law, including violations of Title 18 U.S.C. § 1344 (Bank Fraud).

## PURPOSE OF AFFIDAVIT

4. The statements contained in this Affidavit are based on your affiant's personal observations, experience and background as a Postal Inspector, review of documentary evidence (including bank records), records obtained in the execution of a search and seizure warrant executed on an apartment located in Bowie, Maryland, witness interviews, and information provided by other law enforcement agents participating in this investigation. Because this affidavit is submitted only for the limited purpose of establishing probable cause in support of a criminal complaint and the issuance of an arrest warrant, I have not set forth every fact resulting from the investigation.

5. For the reasons set forth below, your Affiant contends that this affidavit contains probable cause to believe that by at least in or around January 2015 and continuing through at least in or around February 2016, in the Eastern District of Virginia and elsewhere, **TONIA LATRICE LEWIS ("LEWIS")**, a 46-year old African American female who resided in Bowie, Maryland, did knowingly execute and attempt to execute a scheme and artifice to defraud financial institutions, including Lafayette Federal Credit Union ("Lafayette FCU") and Pentagon Federal Credit Union ("Pentagon FCU") to obtain moneys and funds under the custody and control of Lafayette FCU and Pentagon FCU, by means of materially false and fraudulent pretenses and representations, in violation of Title 18 U.S.C. § 1344.

## APPLICABLE STATUTE

6. Title 18 U.S.C. § 1344, Bank Fraud: Section 1344 makes it a criminal offense for a person to knowingly execute, or attempt to execute, a scheme or artifice: (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations or promises.

## DEFINITION

7. Personally identifiable information ("PII") was information that could be used, alone or in conjunction with other information, to identify a specific individual. PII included, among other things, a specific individual's name, date of birth, social security number, and home address.

## OVERVIEW OF INVESTIGATION

8. On or about February 18, 2015, real person M.S. notified the Montgomery County Police Department ("MCPD") that she was a victim of identity theft. M.S. stated that an unknown person opened several fraudulent accounts and applied for loans with different financial institutions, including Lafayette FCU and Pentagon FCU, under her name and without her permission, in the Eastern District of Virginia and elsewhere.

9. Investigators identified **LEWIS** as an individual using a fraudulent identification document of M.S., as well as M.S.'s name, date of birth, address and Social Security number based on available surveillance video and items discovered during the execution of a search and seizure warrant (further described in paragraph 16). **LEWIS** and others unknown to the investigation used M.S.'s PII to obtain money and property she was not lawfully entitled to. Among other things, **LEWIS** and others unknown to

the investigation, acting without M.S.'s knowledge and without lawful authority, used M.S.'s PII to establish financial accounts and obtain loans with financial institutions, including Pentagon FCU and Lafayette FCU. Based on your affiant's training and experience investigating bank fraud schemes, the likely purpose of establishing the financial accounts and obtaining the loans from Pentagon FCU and Lafayette FCU were for **LEWIS** to obtain money and funds under the custody of Pentagon FCU and Lafayette FCU for **LEWIS** to personally enrich herself.

10. On or about January 17, 2015, **LEWIS** and others unknown to the investigation accessed the web banking system of Pentagon FCU, a financial institution headquartered in Alexandria, Virginia, within the Eastern District of Virginia. **LEWIS** and others unknown to the investigation submitted an application to Pentagon FCU in M.S.'s name and without M.S.'s knowledge or permission, using M.S.'s PII and using false identification documents containing M.S.'s PII, to establish credit and other financial accounts.

11. On or about January 29, 2015, **LEWIS** and others unknown to the investigation applied for a $22,500 signature loan from Pentagon FCU in the name of M.S., account number ending in 01-03. In applying for this signature loan from Pentagon FCU, **LEWIS** and others unknown to the investigation used PII of M.S., including M.S.'s name, date of birth, social security number, and home address.

12. After the loan with Pentagon FCU was approved, **LEWIS** and others unknown to the investigation withdrew approximately $20,528 of the funds. Based on your affiant's training and experience investigating bank fraud schemes, the purpose of the withdrawal of these funds was for **LEWIS'** own personal use and benefit.

13. On or about February 1, 2015, **LEWIS** and others unknown to the investigation accessed the web banking system of Lafayette FCU, a financial institution which operated in the Washington D.C. metropolitan area, including in the Eastern District of Virginia. **LEWIS** and others unknown to the investigation submitted an application to Lafayette FCU in M.S.'s name and without M.S.'s knowledge or permission, using false identification documents containing M.S.'s PII, to establish credit and other financial accounts.

14. On or about February 9, 2015, LEWIS applied for a $25,000 personal loan from Lafayette FCU in the name of M.S., account number ending in 7000. In applying for this personal loan from Lafayette FCU, **LEWIS** and others unknown to the investigation used the PII of M.S., including M.S.'s name, date of birth, social security number, and home address.

15. To identify potentially fraudulent accounts, investigators initially utilized information provided by M.S. Investigators then contacted fraud investigators at the financial institutions including Lafayette FCU and Pentagon FCU. Those financial institutions provided application documents, accounting statements and, where available, ATM surveillance images. The surveillance images revealed an individual who fits the description of **LEWIS** withdrawing money from the fraudulent accounts.

16. Based on your affiant's training and experience, the use by **LEWIS** and others unknown to the investigation of accurate PII of real persons in perpetrating this scheme, coupled with the discovery of credit reports and other identity documents of the real persons, including M.S., in **LEWIS'** residence, indicate that **LEWIS** and others unknown to the investigation knew that they were using the PII of real persons without

lawful authority. Furthermore, to comply with the Bank Secrecy Act and the USA Patriot Act, all financial institutions are required to obtain, verify and record information that identifies each person who opens an account. This fact is disclosed to all applicants. Therefore, upon information and belief, **LEWIS** and others unknown to the investigation knew that they were using the PII of real persons without lawful authority because using fictitious, made-up PII would not have passed verification and would not have allowed them to repeatedly obtain loans and bank accounts.

17. On or about August 2, 2015, law enforcement officers executed a state search and seizure warrant at an apartment located in Bowie, Maryland. Investigators learned that **LEWIS** rented the apartment using another individual's PII. Investigators found **LEWIS** and her son were the sole occupants of this apartment. When the search and seizure warrant was executed, both **LEWIS** and her son were present in the apartment. Among the items seized from the apartment, investigators found numerous handwritten notes containing M.S.'s PII, as well as the aforementioned Pentagon FCU loan and account number. PII, falsified forms of identification, credit reports, and bank and loan applications of over 20 other real persons were found in the residence on documents, on **LEWIS'** computer, and on **LEWIS'** cell phone during the execution of the search and seizure warrant. Additionally, investigators found numerous articles of clothing that resembled clothing worn by the individual in the ATM surveillance photos of an individual who fits the description of **LEWIS** withdrawing funds from the Pentagon FCU loan account.

18. The investigation identified that after the execution of the state search and seizure warrant described in Paragraph 17, **LEWIS** and others unknown to the investigation

continued to execute the same bank fraud scheme against additional real persons as recently as in or around February 2016. **LEWIS** and others unknown to the investigation used the PII of real persons to apply for bank loans from financial institutions without the knowledge or consent of those real persons.

19. Similar to the situation with M.S., the investigation has shown that **LEWIS** and others unknown to the investigation stole the identity of these other real persons. **LEWIS** and others unknown to the investigation used the PII of these other real persons without their knowledge and without lawful authority to establish financial accounts and obtain loans with financial institutions. Based on your affiant's training and experience investigating bank fraud schemes, the likely purpose of this scheme was for **LEWIS** to personally enrich herself.

20. To date, the investigation has found that the scheme perpetrated by **LEWIS** and others unknown to the investigation has taken advantage of over 20 real persons and at least six financial institutions.

21. The estimated actual loss as a result of the bank fraud scheme associated with M.S. is approximately $20,528. The total estimated actual loss as a result of the bank fraud scheme (associated with all real persons identified as of the date of this affidavit) is in excess of $200,000. The total estimated intended loss as a result of the bank fraud scheme (associated with all real persons identified as of the date of this affidavit) is in excess of $500,000.

## CONCLUSION

22. Based upon the information set forth in this affidavit, probable cause exists to believe that by at least in or around January 2015 and continuing through at least in or around

February 2016, in the Eastern District of Virginia, and elsewhere, the defendant, **TONIA LATRICE LEWIS**, did commit bank fraud, that is: did knowingly execute and attempt to execute a scheme and artifice to defraud Lafayette FCU, Pentagon FCU, and other financial institutions, obtain moneys and funds under the custody and control of those financial institutions, by means of materially false and fraudulent pretenses, and use those funds for her own personal use and benefit, in violation of Title 18 U.S.C. § 1344.

_____
Mikel Brancato
United States Postal Inspector
United States Postal Inspection
Service


Subscribed and sworn to before me on the **10** th day of January, 2017.

_____/s/_____
John F. Anderson
Honorable John F. Anderson
United States Magistrate Judge
Alexandria, Virginia

9